## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| **NETLIST INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:22-cv-00134-LY**<br>**Civil Action No. 1:22-cv-00136-LY** |
| **MICRON TECHNOLOGY, INC.,**<br>**MICRON SEMICONDUCTOR**<br>**PRODUCTS, INC., and MICRON**<br>**TECHNOLOGY TEXAS, LLC,** | |
| **Defendants.** | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE ASSERTED PATENTS

# TABLE OF CONTENTS

**Page**

I.      A STAY WILL RESOLVE THIS LITIGATION ENTIRELY OR
        SIGNIFICANTLY STREAMLINE IT ................................................................. 1

II.     PLAINTIFF WOULD SUFFER NO PREJUDICE OR TACTICAL
        DISADVANTAGE FROM A STAY ................................................................. 2

III.    THE CURRENT STATE OF THE CASE WEIGHS IN FAVOR OF A STAY ............... 5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)................................................................................5

*Game & Tech. Co. v. Wargaming Grp. Ltd.*,
   942 F.3d 1343 (Fed. Cir. 2019)................................................................................2

**Statutes**

35 U.S.C. § 314(a) ......................................................................................................1

35 U.S.C. § 315(b) ......................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 4 .........................................................................................................3

## TABLE OF EXHIBITS

| Exhibit | Title |
|---------|-------|
| 1 | *Micron Technology, Inc., et al. v. Netlist, Inc.*, IPR2022-00418, Paper 2 (Petition) |
| 2 | *Micron Technology, Inc., et al. v. Netlist, Inc.*, IPR2022-00744, Paper 2 (Petition) |
| 3 | *Micron Technology, Inc., et al. v. Netlist, Inc.*, IPR2022-00745, Paper 2 (Petition) |
| 4 | *Micron Technology, Inc., et al. v. Netlist, Inc.*, IPR2022-00236, Paper 12 (Patent Owner Preliminary Response) |
| 5 | *Micron Technology, Inc., et al. v. Netlist, Inc.*, IPR2022-00237, Paper 12 (Patent Owner Preliminary Response) |

I.      **A STAY WILL RESOLVE THIS LITIGATION ENTIRELY OR SIGNIFICANTLY STREAMLINE IT**

Netlist is incorrect that a stay would not simplify the issues because institution decisions on the pending IPRs have not yet issued and the results of those IPRs are speculative.  Netlist fails to acknowledge the significant district court and PTAB litigation history for patents in the same families as the asserted patents, which shows this case is not mere speculation. Indeed, this history shows that for most of the IPR petitions, it is more likely that the PTAB will grant institution, resulting in final decisions that will either resolve this litigation entirely or significantly streamline it.

The PTAB is more likely than not to institute an IPR in IPR2022-00418 because all independent claims of the '833 Patent are substantively identical to a claim in the '833 Patent's family that the PTAB has already determined to be unpatentable. For example, in Ground 1 of IPR2022-00418, Micron's petition shows that the independent claims of the '833 Patent are unpatentable under the doctrine of collateral estoppel based on the PTAB's previous invalidation of claim 15 of U.S. Patent No. 8,874,831 ("'831 Patent").  Both the '831 Patent and the '833 Patent belong to the same patent family, and claim 15 of the '831 Patent is substantively identical, in relevant part, to the independent claims of the '833 Patent. *See* Ex. 1 at pp. 18-24. These similarities show institution is likely because the PTAB can institute a proceeding whenever Petitioner demonstrates "a reasonable likelihood" that they would prevail against "at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). Thus, it is reasonable to anticipate, not merely speculate, that the PTAB will institute an IPR in IPR2022-00418.

The PTAB likely will institute IPRs in both IPR2022-00744 and IPR2022-00745 because Micron's petition uses the same prior art references against the '314 Patent that rendered claims unpatentable from patents in the '314 Patent's extended family. *See* Ex. 2 at pp. 6 n.3, 80 and Ex.

3 at pp. 6 n.3, 88 (both IPR petitions discussing the prior use of the asserted art to invalidate claims in patents part of the '314 Patent's extended family). Thus, it is reasonable to anticipate that the PTAB will institute IPR in both proceedings.

Finally, the PTAB will likely institute the remaining IPRs: IPR2022-00236 and IPR2022-00237. Indeed, Netlist's preliminary responses evidence that institution is likely. In both IPRs, Netlist is only taking issue with the prior art with respect to a single claim element. *See* Ex. 4 at pp. 13-18 ("obtaining timing information"); *see* Ex. 5 at pp. 14-28 ("delay circuit"). Netlist also raises arguments seeking discretionary denial, but as described in Section II below, those arguments rely upon mischaracterized facts. Thus, one can reasonably anticipate that the PTAB will institute both IPRs.

In short, because it is reasonable to anticipate that the PTAB will institute most, if not all, of Micron's IPR petitions, the final written decisions from those IPRs will either resolve this litigation entirely or significantly streamline it. Thus, this factor weighs in favor of granting a stay.

## II.  PLAINTIFF WOULD SUFFER NO PREJUDICE OR TACTICAL DISADVANTAGE FROM A STAY

Netlist also would suffer no prejudice or tactical disadvantage from a stay. In attempting to argue the contrary, Netlist mischaracterizes the facts by stating that "Micron waited eleven months to finish filing its IPR petitions" "just before the statutory filing deadline." Response, 5, 10 (emphasis omitted). Netlist acknowledges that 35 U.S.C. § 315(b) "instruct[s] that IPR petitions must be filed within one year of ***serving*** the complaint." *Id.*, 5 (emphasis added). Yet, despite acknowledging the statute's clear language, Netlist improperly relies on the complaints' filing date

(April 28, 2021) almost two months earlier than the complaints' service date[1] (June 15, 2021) to mischaracterize this as an "eleven month[]" delay. *Id.*, 5, 10. The Court should reject this argument.

Netlist's argument that it suffers prejudice from the timing of the filings of the IPR petitions also ignores its contribution to the delay in the filings of the IPR petitions. Specifically, Micron has been asking Netlist for months to clarify how it is interpreting its claims with respect to its preliminary infringement contentions ("PICs"), so that Micron can focus its prior art identifications in a consistent manner and to identify any relevant claim construction disputes. On October 27, 2021, for example, Micron informed Netlist that "[i]t is unclear" from the PICs "what Netlist is accusing to be the claimed 'volatile memory subsystem' . . . [and] what Netlist is accusing to be the claimed 'non-volatile memory subsystem.'" Dkt. 41-9, 6. Micron sent another letter to Netlist on December 15, 2021, with more specific inquiries. *See* Dkt. 41-11. Netlist's responses, however, were non-responsive and evasive. *See* Dkt. 41-10. Micron engaged in this process for months and ultimately filed the IPR petitions when it became obvious that Netlist would continue stonewalling.

Netlist's failure to clarify its positions delayed Micron's IPR filings. Contemporaneously with Micron's letters above, Micron filed its IPRs with the first two IPR petitions on December 23, 2021, and a third IPR petition on January 14, 2022. On January 26, 2022, Netlist responded with another non-responsive and evasive response. *See* Dkt. 41-12. Micron filed its last two IPR petitions filed on March 30, 2022, both challenging the '314 Patent. With respect to the last two petitions, Micron needed to address numerous, unclear claims that it sought clarification in letters to Netlist. Netlist asserted most of its asserted claims (29) from the '314 Patent, which included

---

[1] Service was not even possible until the Court issued a summons on June 14. *Game & Tech. Co. v. Wargaming Grp. Ltd.*, 942 F.3d 1343, 1349 (Fed. Cir. 2019) (explaining that Board "properly looked" to Rule 4 of the Federal Rules of Civil Procedure to determine whether service was properly effectuated, which requires a summons served with the complaint).

every independent claim. Netlist's actions, such as its refusal to clarify its PICs, forced Micron to take additional time to file these last two IPRs and contradicts Netlist's argument that Micron delayed its IPR filings, *see* Response, 10.

Moreover, Netlist's past actions show it will suffer no undue prejudice from a stay. Netlist delayed serving the complaints and still refuses to clarify vague and ambiguous features mapped in its PICs. Netlist's delay in serving the complaints was not a delay to allow the parties to "engage in FRAND discussions," as it suggests. Response, 10 n.6. Netlist's failure to clarify its PICs deficiencies continue to hinder such FRAND discussions because those deficiencies impede Micron's ability to evaluate and discuss the merits of the patents during licensing discussions. Instead, Netlist used the threat of litigation in attempting to strong-arm Micron into licensing patents that Micron does not infringe and are invalid. Thus, Netlist's choice to delay the start of litigation and slow-play negotiations show that Netlist will suffer no undue prejudice from a stay.

A stay also would not limit Netlist's general right to timely enforcement of its patent rights. Netlist is free to enforce its patent rights regardless of a stay, and a stay does not alter its legal rights. Indeed, the parties may continue to pursue substantive FRAND discussions even if the Court grants this stay. Micron reiterates, however, that Netlist's refusal to clarify its interpretation of features of the asserted patents considering the ambiguity in the served PICs hinders the ability of the parties to advance to meaningful FRAND discussions. If Netlist seeks genuine, good-faith meaningful FRAND discussions, Netlist must clarify the ambiguities in its claims of infringement. Without doing so, the parties cannot move towards more substantive FRAND discussions that include the merits of asserted patents. Netlist's refusal to provide any clarity and its willingness to defer clarifying the ambiguities prevent meaningful FRAND discussions from occurring until "discovery begins" and show that Netlist suffers no undue prejudice from a stay. Dkt. 41-12, 2.

### III.    THE CURRENT STATE OF THE CASE WEIGHS IN FAVOR OF A STAY

Lastly, the current state of this case weighs in favor of a stay.  Contrary to Netlist's argument, this case is not "well underway." Response, 9. Fact discovery has not yet begun, and this case is already currently stayed except for claim construction. Thus, the practical effect of granting a stay would merely stay the claim construction hearing.

The Court would benefit from such a stay because statements Netlist makes in the IPR proceedings before the PTAB decides to institute may impact the intrinsic record. The Federal Circuit held that statements before an institution decision "made by a patent owner during an IPR proceeding. . . .can be considered for claim construction." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) (emphasis added). Thus, the intrinsic records of Netlist's patents will include statements from its preliminary responses. Accordingly, a stay of the claim construction hearing would give the Court the benefit of the complete intrinsic record at the claim construction hearing to aid the Court in construing the claims. If the Court does not grant a stay and holds the claim construction hearing with the intrinsic record only partially developed, the parties may need to move the Court for a rehearing to consider the additional intrinsic evidence previously unavailable to the parties before the claim construction hearing. Yesterday, for example, Netlist filed two preliminary responses that include statements that directly impact the intrinsic record relevant to terms at issue in the claim construction hearing. *See, e.g.,* Ex. 4 at p. 4 (explaining the '035 patent discloses "logic circuitry"); *id.* at pp. 13-24 (arguing a function of the claimed "logic" distinguishes it over the prior art); Ex. 5 at pp. 20-24 (same for "command processing circuit").  A stay is thus warranted to allow the parties and the Court to consider any implications of that newly presented intrinsic evidence in the IPR proceedings making this factor weigh in favor of a stay.

Dated: April 26, 2022                    Respectfully submitted,

                                         */s/ Natalie L. Arbaugh* _____
                                         Thomas M. Melsheimer
                                         State Bar No. 13922550
                                         TMelsheimer@winston.com
                                         Natalie Arbaugh
                                         State Bar No. 24033378
                                         NArbaugh@winston.com
                                         Barry K. Shelton
                                         State Bar No. 24055029
                                         BShelton@winston.com
                                         WINSTON & STRAWN LLP
                                         2121 N. Pearl Street, Suite 900
                                         Dallas, TX 75201
                                         Telephone: (214) 453-6500
                                         Facsimile: (214) 453-6400

                                         Michael R. Rueckheim
                                         State Bar No. 24081129
                                         MRueckheim@winston.com
                                         WINSTON & STRAWN LLP
                                         255 Shoreline Drive, Suite 520
                                         Redwood City, CA 94065
                                         Telephone: (650) 858-6500
                                         Facsimile: (650) 858-6559

                                         Matthew Hopkins
                                         *Pro Hac Vice*
                                         State Bar No. 1500598
                                         mhopkins@winston.com
                                         WINSTON & STRAWN LLP
                                         1901 L Street, N.W.
                                         Washington, DC 20036
                                         Telephone: (202) 282-5000
                                         Facsimile: (202) 282-5100

                                         Juan C. Yaquian
                                         State Bar No. 24110559
                                         JYaquian@winston.com
                                         WINSTON & STRAWN LLP
                                         800 Capital Street, Suite 2400
                                         Houston, TX 77002
                                         Telephone: (713) 651-2600
                                         Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANTS
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS,
INC., MICRON TECHNOLOGY TEXAS,
LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2022, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff, Netlist Inc.

*/s/ Natalie L. Arbaugh*
Natalie L. Arbaugh