**FILED**

March 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **NETLIST, INC.,** *Plaintiff* | § § § § | |
| **v.** | § § | **No. 1:22-CV-00134-DAE** |
| **MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS LLC,** *Defendants* | § § § § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC's (collectively, "Micron") motion to lift stay, to dismiss, and for attorneys' fees, Dkt. 91, and all related briefing. After considering the filings and the relevant law, the undersigned recommends that the District Judge grant in part and deny in part the motion.

## I.      BACKGROUND

Plaintiff Netlist, Inc. ("Netlist") sued Micron for infringement of claims 15-17 and 19-30 of Netlist's patent No. 8,301,833 (the "'833 patent"). Dkt. 1. Micron answered, including a counterclaim seeking declaratory judgment invalidating the '833 patent because the United States Patent and Trademark Office ("PTO") had already found "virtually identical" claim language in claim 15 of patent No. 8,874,831

1

(the "'831 patent") invalid. Dkt. 91, at 8-9; *see* Dkt. 20. Micron repeatedly wrote to Netlist requesting that it dismiss this suit based on collateral estoppel. *See, e.g.*, Dkt. 91-6. Netlist declined.

The District Judge[1] granted Micron's motion to stay pending *inter partes* review ("IPR"). Dkt. 68. The PTO determined that the challenged '833 patent claims were unpatentable. Dkt. 91-11. Netlist did not appeal the decision. Dkt. 91, at 11. Micron then filed this motion, arguing that because the IPR invalidated all of the asserted claims in this case, the Court should lift the stay in order to dismiss the case as moot, find that this case is exceptional under 35 U.S.C. § 285, and award fees and costs to Micron. *See* Dkt. 91. Netlist responds that it does not oppose lifting the stay and dismissing the case as moot. Dkt. 92, at 7. But Netlist opposes Micron's fee request. *See id.*

## II.    DISCUSSION

### A.    The District Judge should lift the stay.

The Court should lift the stay and dismiss Netlist's case as moot since IPR has concluded. The District Judge stayed this case pending IPR, concluding that a stay would not unduly prejudice Netlist, that a stay would simplify the issues in question, and that the status of the litigation weighed in favor of a stay. Dkt. 68, at 2-4 (applying the factors from *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015)). In determining whether to lift a stay imposed pending IPR, courts consider the same factors. *Pers. Audio LLC v.*

---

[1] This case was reassigned to Senior United States District Judge David A. Ezra on November 7, 2024. Dkt. 89.

*Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017). As the parties agree, *see* Dkt. 92, at 7, the stay should be lifted. Since IPR is now complete, there will be no prejudice to Netlist if the Court lifts the stay, no issues remain to be simplified via IPR, and this litigation has now reached a stage where lifting the stay is appropriate. *See id.*

### B.    The District Judge should dismiss Netlist's case as moot.

Netlist's case is moot. When a claim in a patent suit is canceled, as here, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013); *see also SHFL Entm't, Inc. v. DigiDeal Corp.*, 729 F. App'x 931, 934 (Fed. Cir. 2018) ("Suits based on cancelled claims must be dismissed for lack of jurisdiction[.]"). The undersigned will therefore recommend that the District Judge dismiss Netlist's suit as moot.

### C.    The District Judge should decline to award fees.

The Court should not award fees to Micron. In a patent case, a court may award reasonable attorneys' fees to the prevailing party "in exceptional circumstances." 35 U.S.C. § 285. Courts determine whether a case is exceptional on a case-by-case basis, considering the totality of the circumstances. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case is considered exceptional when it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* There is "'no precise rule or formula'" for determining whether a case is exceptional. *Id.* (quoting *Fogerty v.*

3

*Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Rather, courts weigh non-exhaustive factors such as "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554 n.6 (quoting *Fogerty*, 510 U.S. at 534 n.19). District courts have "wide discretion" in determining whether to award attorneys' fees under Section 285. *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 842 (E.D. Tex. 2017).

        1.    Micron is the prevailing party.

If the District Judge dismisses Netlist's suit as moot, the Court should also find that Micron is a "prevailing party" for the purposes of a fee award under Section 285. Micron argues it is the "prevailing party" under Section 285 because it prevailed at the patent office. Dkt. 91, at 8. Netlist does not argue otherwise. *See* Dkt. 92. The Federal Circuit has found that where a party's suit is dismissed as moot following IPR, the party that prevailed at the patent office is a "prevailing party" for the purpose of cost awards under Federal Rule of Civil Procedure 54(d). *B.E. Tech., LLC v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) ("That the merits of the decision cancelling the claims occurred in the PTO rather than the district court does not change the fact that the district court dismissed the claims it had before it, albeit for mootness."). The Federal Circuit extended the reasoning in *B.E.* to fee requests under Section 285, observing that there was "no meaningful distinction" warranting a different interpretation of "prevailing party" in the context of a Section 285 fee award. *Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1362 (Fed. Cir. 2020).

If the District Judge dismisses Netlist's case as moot based on the cancelation of its asserted claims in IPR, Micron will be the prevailing party.

        2.     Because this is not an exceptional case, the Court should decline to award fees.

As the prevailing party, Micron is only entitled to fees under Section 285 if the Court finds this is an "exceptional case." *See* 35 U.S.C. § 285. Micron argues this case is exceptional because (1) "the Patent Office found identical claim limitations unpatentable before Netlist brought suit," (2) "Netlist litigated the case in an unreasonable manner" by "falsely suggest[ing]" in its demand letter that the '833 claims were valid while knowing otherwise, and (3) "Netlist pressed forward with its frivolous case despite repeated warnings from Micron" that claim 15 of the '833 patent is materially identical to claim 15 of the '831 patent. Dkt. 91, at 14-19. Each of the arguments boils down to whether this case is exceptional because Netlist sued despite knowing the '831 IPR foreclosed its arguments. The undersigned finds it is not.

Again, the core of Micron's argument is that the '831 IPR foreclosed Netlist's claims here because the asserted claim in this case—claim 15 of the '833 patent—is "virtually identical to the claim limitations in the '831 patent's claim 15, which had been invalidated almost three [] years before Netlist brought this case." Dkt. 91, at 15 (citing *Elec. Commc'n Techs., LLC v. LLC v. ShoppersChoice.com, LLC*, 963 F.3d 1371, 1376 (Fed. Cir. 2020)). Netlist does not contest the similarity of the claims but responds that the invalidation of the '831 patent did not foreclose its arguments in this case because patents are independently presumed valid and an infringement suit is not frivolous merely because the patents contain similar language and subject

matter as an invalid patent. Dkt. 92, at 12-13 (citing *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1379 (Fed. Cir. 1999); *Interactive Games LLC v. Draftkings, Inc.*, No. 19-1105-RGA, 2024 WL 4606077, at *5 (D. Del. Oct. 29, 2024) ("Simply quoting similar language from invalidated patents is insufficient to show that the patents in this case suffer from the same defects.")). Netlist adds that a prior invalidity determination by the Patent Trial and Appeal Board ("PTAB") cannot control in a subsequent district court case involving a related patent because the PTAB applies a different evidentiary standard; therefore, Netlist was reasonable in believing that the district court might reach a different result from the PTAB. *Id.* at 13 (citing *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1362 (Fed. Cir. 2024)).

The undersigned agrees with Netlist. The Federal Circuit has made clear that "[c]ollateral estoppel generally does not apply when the second action involves application of a different standard, such as a different burden of proof." *Kroy IP Holdings, Inc. v. Groupon, Inc.*, 127 F.4th 1376, 1380 (Fed. Cir. 2025); *see also ParkerVision*, 116 F.4th at 1362. In *Kroy*, where the defendant proved the unpatentability of certain claims by a preponderance of the evidence before the PTAB, the Circuit concluded that dismissing the case as to asserted claims *not* at issue before the PTAB—and therefore not found unpatentable by that Board—would "deprive patent owners of their property right without first requiring proof of patent invalidity that satisfies the statutorily-prescribed clear and convincing standard." 127 F.4th at 1380-81. Similarly, in *ParkerVision*, the Federal Circuit held that a finding underlying an unpatentability decision in an IPR proceeding does not collaterally

estop a patentee from making validity arguments regarding separate, related claims in district-court litigation. 116 F.4th at 1361-62.

These cases imply that a plaintiff may, in good faith, base an infringement suit on claims similar to certain other claims declared unpatentable by the PTAB. Applied hypothetically to this case, a decision by the PTAB finding claim 15 of the '831 patent unpatentable would not, as a matter of law, collaterally estop Netlist's district-court suit based on claim 15 of the '833 patent. It follows that Netlist's litigating position in this case was not exceptionally weak such that fees are warranted. *See Octane Fitness*, 572 U.S. 545 at 554. And it was not unreasonable for Netlist to believe that the district court, applying a different standard, could reach a different result as to the patentability of claim 15 of the '833 patent. *See id.*

True, *Kroy* and *ParkerVision* dealt primarily with collateral estoppel and not whether those cases were exceptional for the purpose of awarding fees under Section 285. However, they nonetheless make clear that it was not unreasonable for Netlist to believe the district court might reach a different result from the PTAB. Further, Micron points to no case in which a court awarded fees based on the argument that the PTAB's unpatentability decision on a claim in one patent foreclosed a district-court suit alleging infringement of a similar claim in a different patent. In *ShoppersChoice*, the Federal Circuit held that the district court abused its discretion by declining to consider the objective unreasonableness of the infringement suit in deciding whether to award fees under Section 285. 963 F.3d at 1379. Specifically, the district court failed to take into account another *district court's* decision invalidating

7

claims of patents in the patent-at-issue's family. *Id.*; *see also Kindred Studio Illustration & Design, LLC v. Elec. Commc'n Tech., LLC*, No. 2:18-CV-07661 (GJS), 2019 WL 3064112, at \*9 (C.D. Cal. May 23, 2019) (concluding that a comparison of the asserted claims with invalidated family member claims showed they suffered from the same defects and "no reasonable patentee" would assert the at-issue claims against the alleged infringer following the family-claim invalidation by the *district court*). And although the court in *Ameranth, Inc. v. Domino's Pizza, Inc.* found that an earlier decision invalidating claims in related patents could "cast a cloud" over the asserted patent such that it weakened the plaintiff's litigating position, in that case, both the PTAB and the Federal Circuit had found the related patents ineligible. *See* No. 12cv733 DMS (WVG), 2021 WL 409725, at \*6 (S.D. Cal. Feb. 5, 2021).

Further, the *ShoppersChoice* and *Kindred Studio* cases were each brought by the same plaintiff, Electronic Communication Technologies, LLC ("ECT"), a serial litigant accused in both cases of using litigation "to achieve a quick settlement with no intention of testing the strength of the patent or its allegations of infringement." *ShoppersChoice*, 963 F.3d at 1377; *see also Kindred Studio*, 2019 WL 3064112, at \*5 (noting that "ECT and its predecessor and related entities have a long history of nuisance value litigation, demands, and settlements"). The courts in those cases thus determined they were exceptional based in part on abusive litigation conduct not present here. As discussed above, Micron's only arguments as to litigation conduct— that Netlist falsely suggested its claims were valid in a demand letter and that Netlist ignored repeated notifications from Micron that its claims were likely invalid—raise

the same issues as its arguments with respect to the strength of Netlist's litigating position. *See* Dkt. 91, at 16-19. There is no further evidence of any litigation misconduct by Netlist.

Application of the *Octane Fitness* factors does not counsel a different result. *See* 572 U.S. 545 at 554. As discussed, Netlist's case was not frivolous or objectively unreasonable in view of *Kroy* and *ParkerVision. See id.* The PTAB's ruling as to claim 15 of the '831 patent did not, as a matter of law, foreclose Netlist's suit. In terms of the facts, even assuming claim 15 of the '831 patent and claim 15 of the '833 patent were as similar as Micron asserts, Netlist had a good-faith basis to believe that the district court might reach a different result as to the patentability of the '833 claim, given that the district court applies a different standard. Further, unlike in *ShoppersChoice* and *Kindred Studio*, there is no evidence that Netlist's motivations in filing this case were malicious or that the Court should deter any future filings based on Netlist's conduct here. *See id.*

Therefore, the undersigned finds that this case is not exceptional for the purpose of awarding fees. Accordingly, the undersigned will recommend that the District Judge decline to award fees under 35 U.S.C. § 285.

## III.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Micron's motion to lift stay, to dismiss, and for attorneys' fees, Dkt. 91. Specifically, the District Judge should **GRANT** Micron's requests to lift the stay and dismiss this

case as moot. However, the District Judge should **DENY** Micron's request for fees under 35 U.S.C. § 285.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 2, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE